UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TODD MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-113 |
| | ) | |
| HYATT REGENCY SAVANNAH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Todd McElroy has filed this case against the Hyatt Regency Savannah (the Hyatt) alleging violations of the Americans with Disabilities Act of 1990 (ADA). *See* doc. 1 at 4. He has also requested leave to proceed *in forma pauperis*. Doc. 3. Because it appears that he lacks sufficient funds to pay the required filing fee, his request is **GRANTED**. Doc. 3. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2). His Complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted.

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal

1

Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

McElroy alleges that the Hyatt's "website failed to state that it has a hearing-accessible room for the hearing-impaired as required by the ADA." Doc. 1 at 4.  Although McElroy states that he "had no thought of staying at the Hyatt, much less a room," *id.* he nevertheless seeks $10,000 in damages "to force compliance with the ADA." *Id.*  His

2

Complaint also, proactively, asserts that he has standing to file this suit. *See id.* (citing *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 3 (2023) (noting that the Eleventh Circuit has held that a "disability tester" has standing, notwithstanding that the plaintiff does not have "any thought of staying, much less booking a room," but ultimately dismissing the case as moot)).

Assuming, provisionally, that McElroy is correct that he has standing,[1] his Complaint fails to state a claim.[2] The reason McElroy's

---

[1] While McElroy's assertion of standing is not obviously incorrect, there are reasons to be skeptical. First, the Eleventh Circuit's opinion in *Laufer v. Arpan, LLC*, 29 F.4th 1268 (11th Cir. 2022), acknowledging that an ADA plaintiff with no intention of visiting the defendant hotel could allege standing, has been vacated as moot. *Laufer v. Arpan LLC*, 77 F.4th 1366 (11th Cir. 2023) (finding that controversy was moot when the opinion issued). Assuming that the Eleventh Circuit's analysis of the standing question remains persuasive, notwithstanding the controversy's mootness, the plaintiff's allegations and McElroy's are not identical. The Eleventh Circuit specifically found that Laufer alleged a sufficient injury to confer standing "[b]ecause she claims not only that she suffered illegal discrimination but also that the discrimination resulted in 'frustration and humiliation' and a 'sense of isolation and segregation,' . . . ." *Laufer*, 29 F.4th at 1274. McElroy does not allege any such particularized "stigmatic injury." *Compare id.* at 1274-75, *with* doc. 1 at 4. Finally, Justice Thomas' analysis of the standing question, in his concurrence to the Supreme Court's dismissal of *Acheson Hotels* on mootness grounds, provides some persuasive contrary authority to the Eleventh Circuit's analysis. *See Acheson Hotels, LLC*, 601 U.S. at 10-14 (Thomas, J. concurring).

[2] In addition to the uncertainty concerning McElroy's allegations of his standing, discussed above, and the fact that he seeks relief that is not available, discussed below, he has also failed to allege that he suffers from any disability within the meaning of the ADA. *See* doc. 1 at 4; *see also* 42 U.S.C. § 12102(1). Failure to allege a disability renders McElroy's ADA claim defective. *See, e.g., Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 638-39 (11th Cir. 2019) ("A plaintiff alleging a claim under Title III must show that: (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA." (citations omitted)). Given McElroy's multiple references to accessibility for the hearing-

3

claim fails should have been obvious to anyone who read the Supreme Court's opinion in *Acheson Hotels, LLC*. As Justice Thomas explains:

> Title III of the Americans with Disabilities Act of 1990 (ADA) prohibits discrimination 'on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation,' such as a hotel. 42 U.S.C. §§ 12182(a), 12181(7)(A). Title III defines discrimination to include 'a failure to make reasonable modifications' when 'necessary to afford . . . services . . . or accommodations to individuals with disabilities." § 12182(b)(2)(A)(ii). To enforce the ADA's prohibition on discrimination, Title III creates a private cause of action that permits 'any person who is being subjected to discrimination on the basis of disability' to sue for violations. § 12188(a)(1). <u>Only injunctive relief and attorney's fees[3] are available to private litigants</u>. *Ibid; see also* §§ 12205, 2000a-3(a). The Attorney General, however, may obtain damages or assess civil penalties. § 12188(b)(2).

601 U.S. at 6-7 (Thomas, J. concurring) (emphasis added); *see also, e.g., Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir. 1998) ("Although a private right of action for injunctive relief does exist under the ADA, it is

---

impaired, *see* doc. 1 at 4, 6, the Court assumes he might allege he suffers from such impairment. The Court also notes that McElroy has filed previous cases in this Court, discussed below, in which he alleges that he is deaf. *See* CV416-046, doc. 1 at 4 (S.D. Ga. Feb. 8, 2016). However, the leniency the Court affords to *pro se* plaintiffs does not permit it "to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Since his Complaint fails for other reasons, discussed below, his failure to allege a disability is moot.

[3] Since McElroy is proceeding *pro se*, he could not possibly recover any attorney's fees in this action. *See, e.g., Rhoads v. F.D.I.C.*, 286 F. Supp. 2d 532, 541 (D. Md. 2003) ("[P]*ro se* litigants are not entitled to attorney's fees authorized by a fee-shifting statute.").

4

uncontested that there is no private right of action for damages."); *Wunderlich v. Conklin*, 2022 WL 1548109, at *2 (S.D. Ga. Apr. 21, 2022) (recommending dismissal of ADA claim because "[i]n suits by private individuals . . . equitable relief is the only remedy the Courts may provide."), *adopted* 2022 WL 1540212 (S.D. Ga. May 16, 2022). Since McElroy seeks only monetary damages, doc. 1 at 4, his ADA claim, which is the only claim asserted, should be **DISMISSED**. Doc. 1.

Given McElroy's clear awareness of the Supreme Court's opinion in *Acheson Hotels, LLC*, his assertion of a claim which that opinion clearly explains is not viable suggests a possible violation of Federal Rule 11. *See, e.g.,* Fed. R. Civ. P. 11(b)(2) (a party's signature on a pleading certifies that "the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"). In addition, McElroy has a history of filing repetitive and/or meritless cases in this Court. *See McElroy v. Savannah Technical College*, CV416-046, doc. 6 (S.D. Ga. June 20, 2016) (dismissing employment discrimination case for failing to exhaust administrative remedies); *McElroy v. Savannah Technical College*, CV416-206, doc. 5 (S.D. Ga. Aug. 22, 2016) (recommending dismissal for

5

failure to state a claim), *adopted* doc. 7 (S.D. Ga. Oct. 26, 2016); *McElroy v. Lazega & Johanson, LLC*, CV419-011, doc. 9 (S.D. Ga. May 10, 2019) (recommending dismissal for failure to "articulat[e] any cognizable federal claim . . ."), *adopted* doc. 11 (S.D. Ga. May 31, 2019); *McElroy v. U.S. District Court for the Southern District of Georgia*, CV421-196, doc. 9 (S.D. Ga. Aug. 5, 2021) (dismissing case as claims were untimely and all of the named defendants were immune); *McElroy v. EEOC*, CV421-232, doc. 9 (S.D. Ga. Sept. 9, 2021) (dismissing case as barred by res judicata and recognizing immunity of defendant); *McElroy v. Moore*, CV422-058, doc. 7 (S.D. Ga. Mar. 21, 2022) (dismissing case because defendant was immune from suit); *McElroy v. Baker*, CV423-038, doc. 14 (S.D. Ga. May 25, 2023) (dismissing case on immunity grounds); *McElroy v. Georgia Dept. of Human Resources*, CV424-020, doc. 11 (S.D. Ga. Feb. 29, 2024) (dismissing complaint for failure to state a claim upon which relief can be granted). McElroy's pattern of filing meritless cases is troubling, to say the least.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d

1069, 1073 (11th Cir. 1986). IFP litigants, like McElroy, pose special risks because:

> paupers filing *pro se* petitions are not subject to the financial considerations — filing fees and attorney's fees — that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184 (1989); *see also Procup*, 792 F.2d at 1072 ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge."). While the Court does not believe that any action is necessary at this time, McElroy is advised that further meritless filings may subject him to restrictions on his ability to file future cases, proceed *in forma pauperis*, or both.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 12th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA