**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| TODD MCELROY, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-113 |
| v. | |
| HYATT REGENCY SAVANNAH, | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 12, 2024, Report and Recommendation, (doc. 7), to which objections have been filed, (doc. 8).   As explained below, McElroy's Objection is meritless.   Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion.   (Doc. 7.)   Plaintiff's Complaint is **DISMISSED**.   (Doc. 1.)   The Clerk of Court is **DIRECTED** to **CLOSE** this case.

McElroy's "Objection" does not even mention the Magistrate Judge's Report and Recommendation, much less identify any defect in his determination that, because the Americans with Disabilities Act does not provide for individual actions for damages, McElroy's claim fails. (See generally doc. 8; see also doc. 7, pp. 3-5 (citing, inter alia., Jairath v. Dyer, 154 F.3d 1280, 1283 (11th Cir. 1998)).)   The document McElroy submitted is a cut-and-paste of material from two websites.   The bulk of McElroy's submission is copied verbatim from media coverage of a settlement between the United States Department of Justice and Marriott Hotels.   (Compare doc. 8, pp. 1-3 (beginning "The allegations stemmed from a 2010 Justice Department regulation . . . ."), with Shaun Heasley, Marriott Agrees to Better Accommodate Guests with Disabilities,

disabilityscoop.com (June 11, 2024), https://www.disabilityscoop.com/2024/06/11/marriott-agrees-to-better-accommodate-guests-with-disabilities/30913/.)   The first paragraph of the submission is copied, again verbatim, from coverage of the Supreme Court's consideration of Acheson Hotels v. Laufer.   (Compare doc. 8 at 1 (paragraph beginning "A Justice Department regulation known as the "Reservation Rule" . . . ."), with Madiba K. Dennie, Rights Without Remedies Might As Well Not Exist, ballsandstrikes.org (Sept. 27, 2023), https://ballsandstrikes.org/scotus/acheson-hotels-v-laufer-supreme-court-preview/ (the third paragraph of the article states: "A Justice Department regulation known as the 'Reservation Rule' . . . .").   Other than being, generally, about the obligation of hotels to provide certain information concerning disability accommodations, it is, charitably, unclear how any of the material McElroy has presented is intended to respond to the Magistrate Judge's analysis.   The "objection" is, therefore, meritless.

While the Court is not concerned with McElroy's flagrant plagiarism, the utter irrelevance of the submission bears on the Magistrate Judge's admonition concerning McElroy's litigation in this Court.   The Magistrate Judge explained that the Supreme Court's opinion in Acheson Hotels, which McElroy was clearly aware of, should have informed him that his claim for monetary damages under the ADA was meritless.   (See doc. 7 at 5.)   The Magistrate Judge further noted that, even if the Court assumed that McElroy simply misread Acheson Hotels in this instance, this case forms part of a pattern of filing "repetitive and/or meritless cases in this Court."   (Id. at 5-6 (collecting cases).)   Although the Court agrees with the Magistrate Judge's assessment that no protective action is necessary at this time, it reiterates the Magistrate Judge's admonition to McElroy that "further meritless filings may subject him to restrictions on his ability to file further cases, proceed in forma pauperis, or both."   (Id. at 7); see also, e.g., Procup v. Strickland, 792

F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching upon the judicial machinery needed by others.").

      **SO ORDERED**, this 3rd day of July, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA